UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIMCHA BUNIM FIGA, *individually and on behalf of others similarly situated,*<br><br>                              Plaintiffs,<br><br>      -against-<br><br>C VIEWS NY INC (D/B/A C VIEWS LOW VOLTAGE), and JOSEPH KLEINMAN,<br><br>                              Defendants. | Civil Action No.: 1:21-cv-3322<br><br>COMPLAINT<br><br>COLLECTIVE ACTION UNDER<br>29 U.S.C. § 216(b)<br><br>ECF Case<br><br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Simcha Bunim Figa, individually and on behalf of others similarly situated (collectively, "Plaintiffs"), by and through his attorneys, Bruck LLP, upon his knowledge and belief, and as against C Views NY Inc (D/B/A C Views Low Voltage), ("Defendant Corporation"), and Joseph Kleinman, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff is a former employee of Defendants C Views NY Inc (D/B/A C Views Low Voltage), and Joseph Kleinman.

2. Defendants own, operate, or control a Low Voltage company, located at 1069 56th Street, Brooklyn, NY 11219 under the name "C Views Low Voltage."

3. Upon information and belief, individual Defendant Joseph Kleinman serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the Low Voltage company as a joint or unified enterprise.

4. Plaintiff was employed as a laborer at the Low Voltage company located at 1069 56th Street, Brooklyn, NY 11219 and was directed to work at various jobsite locations throughout the five boroughs of the City of New York.

5. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiff now bring this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the

N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Low Voltage eterprise located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiff*

13. Plaintiff Simcha Bunim Figa ("Plaintiff" or "Mr. Figa") is an adult individual (18 years of age) residing in Kings County, New York.

14. Plaintiff was employed by Defendants at C Views Low Voltage from approximately January 11, 2021 until on or about May 26, 2021.

*Defendants*

15. At all relevant times, Defendants owned, operated, or controlled a low voltage company located at 1069 56th Street, Brooklyn, NY 11219 under the name "C Views Low Voltage."

16. Upon information and belief, C Views NY Inc (D/B/A C Views Low Voltage) is a domestic corporation organized and existing under the laws of the State of New York.

17. Upon information and belief, C Views Low Voltage maintains its principal place of business at 1069 56th Street, Brooklyn, NY 11219.

18. Upon information and belief defendant Joseph Kleinman is an individual residing at 1069 56th Street, Brooklyn, NY 11219.

19. Defendant Joseph Kleinman is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Joseph Kleinman is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Joseph Kleinman possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff's, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

20. Defendants operate a low voltage company located in the Borough Park section of Brooklyn in New York City.

21. Individual Defendant, Joseph Kleinman, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

22. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

23. Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

24. Defendants jointly employed Plaintiff (and all similarly situated employees) and are Plaintiff's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

25. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

26. Upon information and belief, Individual Defendant Joseph Kleinman operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of his own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

28. Upon information and belief, in each year from 2019 to 2021, Defendants, both separately and jointly, had a gross annual volume of sales of not

less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the low voltage company on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

30. Plaintiff is a former employee of Defendants who was employed as a laborer.

31. Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C.

32. Plaintiff was employed by Defendants from approximately January 11, 2021 until on or about May 26, 2021.

33. Defendants employed Plaintiff as a laborer.

34. Plaintiff regularly handled goods in interstate commerce, such as low voltage cables.

35. Plaintiff's work duties required neither discretion nor independent judgment.

36. During his tenure at C Views Low Voltage from January 2021 through May 2021, Plaintiff worked from approximately 8:00 a.m. until on or about 6:00 p.m., Sunday through Thursdays, and on some weeks, Monday thought Friday

from approximately 8:00 a.m. until on or about 8:00 p.m., and on Fridays, from approximately 8:00 a.m. until on or about 2:00 p.m. (typically 50-55 hours per week).

37. Throughout his employment, Defendants did not pay Plaintiff as promised.

38. On March 7, 2021, Defendant paid Plaintiff a onetime payment of $5,000.

39. From approximately January 11, 2021 until on or about April 17, 2021, Defendants promised to pay Plaintiff $16.00 per hour.

40. From approximately April 17, 2021 until on or about April 25, 2021, Defendants promised to pay Plaintiff $18.00 per hour.

41. From approximately April 25, 2021 until on or about May 26, 2021, Defendants promised to pay Plaintiff $20.00 per hour.

42. Defendants promised to Plaintiff his weekly earnings each and every week.

43. Defendants did not pay Plaintiff weekly.

44. Plaintiff was not required to keep track of his time but tried to do it anyway, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

45. No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

46. Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL 195(3).

47. Defendants did not give any notice to Plaintiff in English and in Yiddish (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

*48.* At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate overtime compensation as required by federal and state laws.

*49.* Plaintiff was a victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, inter alia, not paying them the wages they were owed for the hours they worked.

*50.* Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

51. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

52. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated

individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

53. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

54. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff and other similarly situated current and former workers.

55. Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

56. Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage,

including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

57. Plaintiff bring his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

58. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek and minimum wage under the FLSA and willfully failing to keep records under the FLSA.

59. The claims of Plaintiff's stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

62. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

63. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

64. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

65. Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

66. Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

67. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

70. Plaintiff were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

71. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72. Defendants failed to provide Plaintiff with a written notice, in English and in Yiddish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the

employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

73. 100. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS
## OF THE NEW YORK LABOR LAW

74. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

75. With each payment of wages, Defendants failed to provide Plaintiff with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

76. Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
## FAILURE TO TIMELY PAY WAGES
## PURSUANT TO NEW YORK LABOR LAW § 191(1)(I)

77. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

78. Pursuant to New York Labor Law § 191(1)(i) "[a] manual worker shall be paid weekly and not later than seven calendar days after the end of the week in which the wages are earned."

79. Plaintiff is a manual worker as that term is defined under New York Labor Law.

80. At all times relevant to this litigation, Plaintiff was employed by Defendants.

81. At all times relevant to this litigation, Defendants were "employers" of Plaintiff, as that term is defined under the New York Labor Law.

82. Plaintiff worked for Defendants for many months without being paid.

83. Despite repeated requests, Defendants intentionally withheld Plaintiff's wage payment.

84. Defendants intentionally made it difficult for Plaintiff to obtain his paycheck.

85. To this date, while admitting that Plaintiff is owed wages, Defendants refuse to pay Plaintiff for his many long hours of work.

86. For the foregoing reasons, Defendants have violated New York Labor Law §§ 191 and 198. 136. Plaintiff demands damages to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

### SIXTH CAUSE OF ACTION
### FAILURE TO PAY SPREAD OF HOURS
### (N.Y. LAB. L. § 650 ET SEQ., AND N.Y. COMP. CODE R. & REGS. TIT. 12, § 142-2.4(A), AND 146-1.6)

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. Plaintiff regularly had workdays that lasted more than ten (10) hours.

89. Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations under 12 N.Y.C.C.R. § 146-1.6.

90. As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(e) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs;

(j) Awarding Plaintiffs damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Declaring that Defendants violated NYLL New York Labor Law § 191(1)(I) for Failure to Timely Pay Wages;

(p) Declaring that Defendants violated N.Y. LAB. L. § 650 for failure to pay spread of hours;

(q) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: June 13, 2021
Brooklyn, New York

                                  Respectfully submitted,
                                  BRUCK LLP

                                By:  */s/ Yar M. Bruck*
                                    Yair Bruck, Esq.
                                    YB@BruckLLP.com
                                    1207 East 34th Street
                                    Brooklyn, NY 11210
                                    (212) 593-9090 (phone)
                                    (212) 644-6667 (facsimile)

                                    *Attorneys for Plaintiffs*